# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL B. HARDEE**
**United States Army, Appellant**

ARMY 20120236

Headquarters, 2d Infantry Division
Thomas M. Kulish, Military Judge
Lieutenant Colonel Paula I. Schasberger, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Aaron R. Inkenbrandt, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA (on brief).

29 May 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial, convicted appellant, pursuant to his pleas, of indecent liberties with a child, sodomy upon a child, and possession of child pornography in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, twenty-seven years confinement, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, capping confinement at 216 months, the convening authority approved the dishonorable discharge, eighteen years confinement, and reduction to the grade of E-1.  Appellant was credited with 209 days of confinement against the approved sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns no error but raises a number of matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), two of which possess merit.  First we will

correct the promulgating order to conform with the judge's amendment, made prior to entry of appellant's pleas, removing the phrase "by force and without consent" from the Specification of Additional Charge II. Second, we agree with appellant that the judge erred by failing to grant day-for-day credit for the restriction he suffered. The record establishes that appellant suffered restriction tantamount to confinement for 418 days. Here, the judge characterized appellant's restriction as restriction in lieu of arrest and concluded appellant should receive only a half day credit for each day of that restriction relying on Rule for Court-Martial 1003(b)(5). However, because the restriction was actually tantamount to confinement, at the least, day-for-day credit should have been granted. *United States v. Mason*, 19 M.J. 274 (C.M.A. 1985) (summ. disp.). Appellant here asks for the complement and we, therefore, will order 209 days additional credit against the approved sentence to confinement. *See id.*

## CONCLUSION

We have considered the entire record, including those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). The findings of guilty are AFFIRMED. We affirm only so much of the sentence as provides for a dishonorable discharge, 216 months confinement and reduction to the grade of E-1. Having initially been credited only 209 days, the court orders credit of an additional 209 days against appellant's approved sentence to confinement.

Senior Judge YOB and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2